**In the Matter of Thomas P. O'CONNOR.**

**No. 23S00–8606–DI–555.**

Supreme Court of Indiana.

April 27, 1987.

John A. Rader, Williamsport, for respondent.

Sheldon A. Breskow, Executive Secretary, Clifford Courtney, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding was initiated by the filing of a Verified Complaint for Disciplinary Action, which was subsequently amended, and is now before the Court on a Conditional Agreement requesting approval of a thirty (30) day suspension from the practice of law by reason of the agreed facts. Additionally, Respondent has tendered the requisite affidavit required under Admission and Discipline Rule 23, Section 17.

The matters now before this Court establish that the Respondent has been charged with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; conduct prejudicial to the administration of justice; and conduct that adversely reflects on his fitness to practice law, in violation, respectively, of Disciplinary Rules 1–102(A)(4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

The parties have stipulated that in the Spring of 1984, the Respondent, a duly admitted attorney in this state, agreed to obtain title for Clyde and Diana Pugh to certain real estate located in Attica, Indiana. In February, 1985, the Respondent gave the Pughs a title insurance policy which had been altered to appear to cover the Attica property, when, in fact, such policy was issued to insure property in Warren County. On or about March 2, 1985, the Respondent gave the Pughs copies of Warranty Deeds which had been altered to incorrectly reflect that the deeds

had been recorded in the Fountain County Recorder's Office, when, in fact, the deeds had not been so recorded.

By way of mitigation, the parties have further agreed that the Grantor's signature on the deeds was not forged. Transfer of this property was eventually completed on March 6, 1985, and Respondent took immediate steps to obtain title insurance with no harm or cost to the Pughs.

The circumstances in this case, on their face, appear to suggest a very serious breach of professional duty. Presenting a client an altered document clearly calls to question an attorney's understanding of the fiduciary relationship involved in legal representation. This Court does not take lightly its duty to preserve the integrity of this relationship. In the present case, however, the parties have agreed that there are mitigating and extenuating factors which diminish the severity of the misconduct and justify the resolution of this proceeding by the imposition of a sanction imposing a brief period of suspension. This being the case, this Court is now inclined to accept the tendered agreement.

Accordingly, this Court now finds that the Respondent has engaged in professional misconduct and, therefore, now orders that, by reason of such misconduct, the Respondent, Thomas P. O'Connor, is hereby suspended from the practice of law in the State of Indiana for a period of thirty (30) days, beginning May 27, 1987. Upon completion of this period of suspension, the Respondent shall be automatically reinstated to the Bar of this State subject to the limitations and procedures set forth in Admission and Discipline Rule 23, Section 4(b).

Costs of this proceeding are assessed against Respondent.